**James A. BACON, et al., Plaintiffs,**

v.

**STIEFEL LABORATORIES, INC., et al., Defendants.**

**Case No. 09–21871–CIV.**

United States District Court, S.D. Florida, Miami Division.

Aug. 17, 2011.

Beth–Ann Ellenberg Krimsky, Ruden McClosky Smith Schuster & Russell, Fort Lauderdale, FL, Norman S. Segall, Se-gall/Gordich P.A., Melissa Alagna, Ruden McClosky Smith Schuster & Russell, David A. Coulson, Greenberg Traurig, Miami, FL, for Plaintiffs.

Hilarie Bass, Greenberg Traurig, Monica Janette Chaplin, Greenberg Traurig, P.A., Miami, FL, Lindsey Camp Edelmann, Greenberg Traurig LLP, Peter N. Hall, Greenberg Traurig, LLP, Todd D. Wozniak, Greenberg Traurig, Atlanta, GA, Deborah Poore FitzGerald, Walton Lantaff Schroeder & Carson, Fort Lauderdale, FL, for Defendants.

## ORDER DENYING PLAINTIFFS' MOTION TO STAY PROCEEDINGS

JAMES LAWRENCE KING, District Judge.

**THIS CAUSE** comes before the Court upon Plaintiffs' Motion to Stay Proceedings to pursue an interlocutory appeal from this Court's Order Denying Plaintiff's Motion for Class Certification (DE # 264), filed August 4, 2011. The Court is fully briefed in the matter.[1] Upon careful consideration, the Court finds that a stay of all proceedings pending a potential inter-locutory appeal by Plaintiffs is not warranted.

### I. Background

The above-styled action was brought pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1101 et seq. ("ERISA"). (DE # 124). Plaintiffs allege that Defendants breached certain duties under ERISA when administering an employee stock bonus plan. *Id.* On July 21, 2011, 275 F.R.D. 681 (S.D.Fla.2011), this Court denied Plaintiffs' Motion for Class Certification. (DE # 257). On August 4, 2011, Plaintiffs filed

---

1. Defendants filed a Response to Plaintiffs' Motion to Stay Proceedings (DE # 266) on August 5, 2011. Plaintiffs Replied (DE # 268) on August 15, 2011.

a Petition for Permission to Appeal this Court's Order Denying Class Certification in the Eleventh Circuit Court of Appeals. On the same day, Plaintiffs filed the Motion to Stay now pending before this Court. (DE # 264). Plaintiffs now ask this Court to stay all the proceedings in this litigation until: (1) the Eleventh Circuit determines whether it will hear Plaintiffs' interlocutory appeal at all; and (2) the appeal, should it be permitted, is resolved by the Eleventh Circuit. *Id.*

## II. Discussion

An interlocutory appeal of a ruling on class certification is within the discretion of a circuit court of appeal. Fed.R.Civ.P. 23(f) ("A court of appeals **may** permit an appeal from an order granting or denying class-action certification.") (emphasis added). Similarly, a stay of district court proceedings pending the appeal of a ruling on class certification is discretionary. Fed.R.Civ.P. 23(f) ("An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.").

██ In general, interlocutory appeals are disfavored. *See, e.g., Prado–Steiman v. Bush,* 221 F.3d 1266, 1276 (11th Cir. 2000) ("Interlocutory appeals are inherently disruptive, time-consuming, and expensive, and consequently are generally disfavored.") (quotation and citation omitted); *In re Lorazepam & Clorazepate Antitrust Litig.,* 289 F.3d 98, 104–105 (D.C.Cir.2002) ("[Rule 23(f) ] reflects, on balance, a reluctance to depart from the traditional procedure in which claimed errors by the district court are reviewed on appeal only upon the conclusion of the proceedings in the district court."). The Eleventh Circuit has explained that it will "use restraint in accepting Rule 23(f) petitions, and these interlocutory petitions will not be accepted as a matter of course." *Prado–Steiman,* 221 F.3d at 1277.

██ Because this type of appeal is rarely granted by appellate courts, district courts disfavor a stay of district-court proceedings pending a Circuit Court's ruling on permission to pursue an interlocutory appeal. *See, e.g., Macedonia Church v. Lancaster Hotel, LP,* Case No. 05–0153, 2011 WL 2360138, at *6 (D.Conn. June 9, 2011) (denying motion to stay while petition for permission to appeal was pending before appellate court); *Cf. Andrews v. Chevy Chase Bank,* 545 F.3d 570, 573 (7th Cir.2008) (noting district court granted a stay only after the appellate court granted leave to appeal). In addition, the instant case is at a late stage of the litigation. The Complaint in this matter was originally filed over two years ago, on July 6, 2009. (DE # 1). Since that time, the case has been actively litigated, requiring substantial time and effort by the Parties and the Court. Multiple motions to dismiss have been filed and resolved, the Parties have engaged in vigorous discovery and discovery has now closed, and the deadline for filing all motions is approaching.[2] The above-styled matter is now scheduled for trial in only three months. Given the late stage of this lengthy litigation and the absence of any certainty as to whether an appeal will be permitted by the Eleventh Circuit, this Court declines to exercise its discretion to stay the proceedings before it.

Accordingly, after careful consideration and the Court being otherwise fully advised, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that Plaintiffs' Motion to Stay the instant Motion to Stay.

---

**2.** The deadline for filing all motions is August 18, 2011, only two weeks after Plaintiff filed

Proceedings Pending Resolution of Plaintiff's Petition for Permission to Appeal this Court's Order at D.E. 257 and the Appeal of Said Order (**DE # 264**) be, and the same is hereby, **DENIED.**